# Order

Michigan Supreme Court
Lansing, Michigan

August 17, 2011

143308 & (26)(27)

PB REIT, INC.,
            Plaintiff-Appellee,

v

MALIK DEBABNEH and AVELINA M.
DEBABNEH,
            Defendants-Appellants.

_____/

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

SC: 143308
COA: 302909
Lapeer CC: 10-042393-AV

On order of the Court, the motions for immediate consideration and for stay of trial court proceedings, including attempts to enforce the order of eviction, are GRANTED. The application for leave to appeal the March 25, 2011 order of the Court of Appeals remains pending.

MARKMAN, J. (*concurring*).

In light of the Court of Appeals recent decision in *Residential Funding Co v Saurman*, ___ Mich App ___ (Docket No. 290248, issued April 21, 2011), I concur with the Court's order to stay trial court proceedings. In *Residential Funding*, a divided Court of Appeals panel determined that the Mortgage Electronic Registration System (MERS), a national entity created to facilitate the sale of mortgage debt that has participated in thousands of foreclosures in Michigan, is not an entity that qualifies under MCL 600.3204 to foreclose by advertisement. An appeal of *Residential Funding* is currently pending before this Court (Docket No. 143178). According to *amicus curiae*, the Michigan Association of Realtors:

> The Court of Appeals opinion — in attempting to rewind thousands of foreclosures — will create chaos in the housing market. Many of the homes involved in these allegedly "void" foreclosures have been resold to bona fide purchasers, who have taken out their own mortgages on the homes. These new homeowners have spent money on these homes in the form of the purchase price, real estate taxes, insurance, maintenance and

improvements. Counties and the State of Michigan have collected transfer taxes on subsequent conveyances. Any homeowner with a MERS foreclosure in his chain of title may find it difficult or even impossible to sell their home because of the uncertainty in the chain of title.

Taking note of amicus' arguments concerning the potential impact of *Residential Funding* upon the integrity of our real estate laws, and in order to further consider the arguments raised by the dissenting judge in that decision, I would stay trial court proceedings, but in conjunction I would also issue an order granting leave to appeal in both the instant case and in *Residential Funding*. I would also expedite the consideration of these appeals.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

August 17, 2011

Clerk

t0816